## Talbott, Trustee, et al. v. Rogers, et al.

(Decided October 5, 1911.)

### Appeal from Bourbon Circuit Court.

Wills.—Testator devised to his wife five-ninths of his estate, empowering her to dispose of three-fifths of it, and providing that the other two-fifths should descend at her death, to his two daughters. The other four-ninths of the estate he devised to his two daughters. He had also a son, who at that time was in the Confederate army; as to the son he made this provision, "If he should survive the war, and if it shall not be my fortune to see him again, I bequeath to him my dying blessing, and commend him to the earnest and tender regard of his mother." Held, that the son took no interest under the will.

HENRY R. PREWITT for appellants.

McMILLAN & TALBOTT, TALBOTT & WHITLEY for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Several years since James R. Rogers filed a petition in bankruptcy, and one Mrs. Reid, a creditor of his, who was not satisfied with the list of his property, moved the court to require him to list other property specified by her, including certain interests in land which he received, as claimed by her, under his father's

will. The bankrupt court refused to list this property. Mrs. Reid then executed a bond for cost and obtained an order of his assignee in bankruptcy to prosecute an action in the state court to obtain an order of sale of his interest in the land for the payment of the bankrupt's creditors. The question for determination on this appeal is: Did James R. Rogers take any interest under his father's will, which is, omitting the preamble, as follows:

"Item 1st. It is my will, first, that after my decease the condition of my estate shall be ascertained and all my just debts settled and paid.

Item 2nd. It is my desire that the remainder of my estate, after the payment of all just demands against it, shall by appraisers be valued, and of the whole amount so valued, I bequeath to my daughters, Louan and Alice, each a portion amounting to two-ninths of the whole.

Item 3rd. The remaining five-ninths I give to my beloved wife, Mary, with the distinct understanding that she may at any time of her life unconditionally dispose of three-fifths in value thereof, and I hereby fully empower her to make any conveyances that may be necessary to effect such a disposition of it, should she so decide.

Item 4th. The two-fifths remaining after such disposition, if it shall be made, or whether it be made or not, two-fifths of the whole estate devised to my wife, at her death, shall descend equally to my two daughters, Louan and Alice if they be living, or if not, an equal half to the children of each, if such children survive them.

Item 5th. The whole of the property devised to my daughters is intended for the benefit of themselves and their children, if they should have any, and if it be necessary in order to carry out this provision of my will that a trustee or trustees be appointed, it is my wish that this shall be done.

Item 6th. If either of my daughters aforesaid should die without issue, the property devised to her shall be equally divided between the surviving sister and my wife, with power on the part of my wife to dispose of her portion unconditionally.

Item 7th. Should both of my daughters die before their mother and without leaving children of their

bodies all the property devised to them shall go to the mother to be by her disposed of as she may deem proper.

Item 8th. My son, James Richard, is at present in the Southern Army. If he should survive the war, and if it shall not be my fortune to see him again, I bequeath to him my dying blessing and commend him to the earnest and tender regard of his mother.

Item 9th. I appoint my beloved wife, Mary, the executrix of this my last will and testament, and it is my wish that no security shall be required of her.

In witness whereof I have hereunto set my hand this 26th day of July, 1864.

"W. B. ROGERS."

After James R. Rogers returned from the army, the testator's widow conveyed to him three-fifths of five-ninths, being that part of the estate devised by her in fee, leaving her two-fifths of five-ninths in which she had a life interest, and which was, according to the will, to be disposed of as follows:

"Two-fifths of the whole estate devised to my wife, at her death, shall descend equally to my daughters, Louan and Alice if they be living, or if not, an equal half to the children of each, if such children survive them."

Thus we see that this two-fifths went to his daughters, if living, if not, to their children. Consequently James R. Rogers took no part of the estate, if the conditions named existed at the time of the widow's death. At the time this action was instituted the widow was alive and gave her deposition, but both daughters were dead. Alice left a child surviving her, but Louan died childless. As we understand appellant's contention it is that James R. Rogers, on account of these conditions, took some kind of an interest in this two-fifths, and a one-half interest, at the death of Louan, in the land devised to her. Louan died about 1880, and her portion of the estate was divided, one-half going to her sister Alice, and the other to the mother. This division was made according to the sixth clause of the will, wherein it is provided that if either of the daughters should die without issue and before the mother, that the property devised to her shall be divided equally between the surviving sister and the mother in fee with the power on the part of the wife to dispose of hers

absolutely. In the next clause the testator provides that in case both of his daughters should die before his wife without issue, that the property devised to them shall go to his wife in fee. It is certain from the language of the will that James R. Rogers took no interest in any event in the testator's estate. It seems that he studiously avoided devising his son any part of his estate; he used no language that would in any event give the son any interest in the estate. The word "property" as used in the two last clauses of the will above mentioned, applies to the two-fifths he gave his wife for life, as well as to property he gave his daughters which he vested in them, conditioned that if they died without issue then it should go as stated in the sixth and seventh clauses of the will. At the time the will was written James R. Rogers was in the Southern army, and it appears that his father purposely avoided giving him anything directly or indirectly. It is evident that the father was afraid that the property of the son would be confiscated, and it is reasonably certain that he thought his wife would deal fairly with their son if he returned from the army and was ever able to hold property in the State, and that she would convey to him the three-fifths of the five-ninths which he had devised to her in fee, and which she did convey to him, as before stated. This three-fifths of five-ninths made three-ninths of the whole estate. The two-fifths of five-ninths which his widow took for life and remainder to the daughters, were given to the daughters, thus making each of the children owners of three-ninths of the whole estate. This devise of three-ninths to his wife was in fee, and she was not compelled to convey it to the son; it was hers to dispose of as she pleased. James R. Rogers had no interest in it; but it is plain that the testator hoped that if his son ever returned and was able to hold property, that his widow's motherly love would induce her to convey that portion to their son. The will did not, however, make it obligatory upon her to do so.

In our opinion the construction placed upon the will by the lower court was correct, and its judgment is, therefore, affirmed.